|   |   |
|---|---|
| BUSINESS BANK, a Washington corporation,<br><br>             Plaintiff,<br><br>v.<br><br>P/C SUNSET CHASER, Official Number 923301, her engines, tackle, apparel, furniture and equipment, *In Rem*, and BELA PATAKY and CANDACE PATAKY, his wife, and their marital community, *In Personam*,<br><br>             Defendants,<br><br>and<br><br>BANK OF AMERICA,<br><br>             Garnishee Defendant. | No.  C10-1595Z<br><br>ORDER |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THIS MATTER comes before the Court on plaintiff Business Bank's motion for judgment against garnishee defendant Bank of America and against judgment debtors Bela and Candace Pataky, docket no. 6.  Having reviewed the motion and the record in both this case and the underlying action, Case No. C09-1606-RSL, the Court DENIES Business Bank's motion.  In Case No. C09-1606-RSL, Business Bank obtained a default judgment *in rem*, foreclosing a preferred marine mortgage on the P/C SUNSET CHASER, Official Number 923301, and resulting in the sale of said vessel at public auction.  Business Bank

ORDER  -1-

then sought judgment *in personam* on the pleadings against Bela and Candace Pataky in an amount to be determined.  The motion for judgment on the pleadings was served on Aaron Lukoff, an attorney in Bellingham who never entered an appearance in Case No. C09-1606-RSL, and the record contains no indication that the motion was ever served on the Patakys.  The motion was denied because the judgment sought was "unwarranted" in that it did not specify the amount to be awarded.  Order at 1 (docket no. 31, Case No. C09-1606-RSL).

Business Bank subsequently moved for a deficiency judgment *in personam* in the amount of $104,228.13, together with administrative expenses of $10,303.47 and attorney fees and costs totaling $9,000.86.  The docket reflects that this motion was never served on the Patakys, who had appeared pro se in the action.  *See* Answer (docket no. 13, Case No. C09-1606-RSL).  The motion was nevertheless granted, *see* Order (docket no. 35, Case No. C09-1606-RSL) and the resulting judgment now forms the basis for Business Bank's motion for judgment against Bank of America and the Patakys.

In connection with filing an exemption claim in response to Business Bank's writ of garnishment, the Patakys complain that they never received notice prior to the arrest and sale of their vessel, and that the writ of garnishment was the first time they heard about the deficiency judgment.  This complaint is consistent with the record in Case No. C09-1606-RSL.  The failure to serve copies of the motion and supporting papers that gave rise to the judgment on which Business Bank's current motion is based might render the underlying judgment invalid, and the Court declines to enforce such judgment at this time.  *See Thompson v. Liberty Mut. Ins. Co.*, 390 F.2d 24, 26 (10th Cir. 1968) ("A valid judgment is a prerequisite to a garnishment proceeding."); *accord United States v. Sloan*, 505 F.3d 685, 694 (7th Cir. 2007) (citing *Morton v. United States*, 708 F.2d 680, 686 n.5 (Fed. Cir. 1983), *rev'd on other grounds*, 467 U.S. 822 (1984)).

Given the posture of this case, no issue appears to remain for the Court's determination, and the Court STAYS all proceedings in this case and DIRECTS Business

ORDER  -2-

Bank to SHOW CAUSE by January 7, 2011, why the writ of garnishment should not be vacated and why this case should not be dismissed.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to all counsel of record and to Bela and Candace Pataky, pro se.

DATED this 10th day of December, 2010.

_____
Thomas S. Zilly
United States District Judge

ORDER   -3-